IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JAMES GILLIAM, ) | |
| ) | |
| ) | CIVIL ACTION NO. 0:05-1607-HFF-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| JO ANNE B. BARNHART ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein he was granted, in part, and denied, in part, disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

Plaintiff applied for Disability Insurance Benefits (DIB) alleging disability as of August 7, 2000 due to problems with his back and legs, which precluded him from lifting, sitting, and standing. (R.pp. 66-68, 83). Plaintiff's claim was denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on October 22, 2002. (R.pp. 191-227). Following the hearing, the ALJ issued a decision finding that Plaintiff was disabled from August 7, 2000 through February 22, 2002, but was not disabled

1



thereafter. (R.pp. 27-36).   The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp. 5-7).

The Plaintiff then filed this action in United States District Court.  Plaintiff asserts that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for a full award of benefits. The Commissioner contends that the decision to only grant benefits in part is supported by substantial evidence, and that the Plaintiff was properly found to no longer be disabled after February 22, 2002.

## Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980).  If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)).  The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court



uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

## **Discussion**

A review of the record shows that Plaintiff, who was forty-seven (47) years old when he alleges his disability began, has an eleventh grade education with past relevant work experience as a chemical reactor operator/starch maker. (R.pp. 66, 84, 89). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that he has an impairment or combination of impairments which prevent him from engaging in all substantial gainful activity for which he is qualified by his age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. After review of the evidence and testimony in the case, the ALJ determined that Plaintiff's allegations of disabling pain were credible with regard to the time period from August 7, 2000 to February 22, 2002, but that Plaintiff's testimony concerning disabling impairments after February 22, 2002 was not credible in light of the evidence which showed Plaintiff retained the capacity to perform a range of sedentary work activity. The ALJ further determined that, although Plaintiff remained unable to perform his past relevant work after February 22, 2002, that sedentary work existed in sufficient numbers which Plaintiff could perform with his limitations after that date, and that he was therefore no longer entitled to disability benefits after February 22, 2002. (R.pp. 35-36).

Plaintiff asserts that in reaching this decision, the ALJ erred by finding that he had experienced medical improvement that allowed him to return to work after February 22, 2002, that the ALJ improperly discounted the extent of Plaintiff's pain in light of all of the evidence, and that the ALJ failed to determine whether the vocational expert testimony with respect to jobs that



Plaintiff could perform was consistent with the requirements of the Dictionary of Occupational Titles (DOT). Plaintiff also argues that the Appeals Council committed error when it failed to make specific findings concerning new evidence from Plaintiff's physicians that was submitted on appeal, and gave no reason why that new evidence was not material.

After careful review of the arguments and evidence submitted, the undersigned is constrained to agree with the Plaintiff that the Appeals Council failed to properly articulate its reason(s) for rejecting the new evidence submitted to the Appeals Council, and that remand is therefore required. The record shows that, as part of his request for Appeals Council review of the ALJ's decision, Plaintiff submitted additional documentation from Dr. Gerald Rollins (Plaintiff's treating physician), wherein Dr. Rollins opined that Plaintiff would "most probably have to rest away from the work station for significantly more than an hour during the working portion of the work day" if he attempted to work an eight hour day, five days per week. Dr. Rollins further opined that Plaintiff would "most probably have to miss more than 3 days of work per month." (R.p. 178). Plaintiff also submitted new records from another physician, Dr. Pranay Patel, who expressed a similar opinion; (R.pp. 180-185); as well as an opinion from a certified vocational evaluator that these restrictions would prevent Plaintiff from performing substantial gainful work activity. (R.p. 186).

In its decision rejecting Plaintiff's appeal, the Appeals Council noted that it had considered the additional evidence submitted but found that this information did not provide a basis for changing the Administrative Law Judge's decision. (R.pp. 5-6). However, no rationale for the Appeals Council's treatment of this evidence was provided, and this Court can therefore only speculate as to why the Appeals Council reached this decision. Plaintiff argues that the Appeals


Council's failure to make specific findings concerning this new evidence is reversible error, and under the facts of this case the undersigned agrees.

While the undersigned acknowledges that the decision of the Appeals Council as set forth hereinabove may be sufficient under some Fourth Circuit precedent; see Hollar v. Commissioner of the Social Security Administration, No. 98-2748, 1999 WL 753999, at **1 (4th Cir. September 23, 1999), citing Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992) and 20 C.F.R. § 404.970(b) (1999); see also Ridings v. Apfel, 76 F.Supp.2d 707, 709 (W.D.Va. 1999); other courts have determined that "bare bones" conclusions by Appeals Councils do not allow for meaningful judicial review and therefore render the Court unable to perform its statutory function of determining whether the findings of the Commissioner are supported by substantial evidence. See Harmon v. Apfel, 103 F.Supp.2d 869, 872-875 (D.S.C. 2000); Scott ex rel. Scott v. Barnhart, 332 F.Supp.2d 869, 877 & n. 13 (D.Md. Aug. 10, 2004); Riley v. Apfel, 88 F.Supp.2d 572, 579-580 (W.D.Va. 2000); Alexander v. Apfel, 14 F.Supp.2d 839 (W.D.Va. 1998); see also Jordan v. Califano, 582 F.2d 1333, 1335 (4th Cir. 1978) ["A bald conclusion unsupported by reasoning or evidence, is generally of no use to a reviewing court...."]; Thomas v. Commissioner of Social Security, 24 Fed.Appx. 158 (4th Cir. Dec 17, 2001). Some other courts have taken a middle position, indicating that whether a more detailed explanation is required may depend on the nature of the evidence submitted. See Smart v. Barnhart, 2004 WL 289152, at *3, n. 2 (D.S.C. December 7, 2004). Under the facts of this case, the undersigned concludes that this middle approach should be adopted and utilized by this Court.

The Commissioner concedes in its brief that Dr. Rollins' medical opinion is one of, if not the primary, opinion on which the ALJ based his finding that Plaintiff regained the residual



functional capacity to perform a limited range of sedentary work after February 22, 2002. See Defendant's Brief, pp. 20-21; see also (R.pp. 32-33). The Court in Smart indicated that, while a "detailed reason" for the Appeals Council's rejection of new evidence may not be necessary in every case, in cases where a medical opinion upon which a denial of benefits was based is contradicted by a new opinion from the same source, some explanation for the Appeals Council's decision to reject this new evidence should be given. Cf., Smart, 2004 WL 289152 at *3, n. 2. Here, a portion of the new evidence submitted was from Dr. Rollins. While Dr. Rollins' earlier medical evidence was not the sole evidence relied on by the ALJ in making his decision, it was certainly the principal objective medical evidence, as reflected both in the ALJ's decision and in the Defendant's brief. Indeed, all of the medical evidence cited by the Defendant in support of the ALJ's decision is from Dr. Rollins.

Plaintiff argues that the new evidence submitted to the Appeals Council "entirely undermine[s] the ALJ's factual basis for finding [Plaintiff] improved..." after February 22, 2002 such that his disability ceased. Defendant argues that the evidence submitted to the Appeals Council was not material because it was "dated nearly two years after the ALJ's decision and provided no meaningful information regarding Plaintiff's functional limitations prior to the ALJ's January 2003 decision". However, Dr. Rollins clearly states in this new submission that his opinion is based on his medical records dating back to Plaintiff's surgery in 2001. (R.p. 178). In any event, the Appeals Council decision does not indicate whether the Appeals Council found this information immaterial, as argued by the Commissioner, and this Court can therefore only guess as to why the Appeals Council found that this evidence did not provide a basis for changing the ALJ's decision. Cf. Harmon, 103 F.Supp.2d at 874, citing Riley, 88 F.Supp.2d at 579-580; see also Burleson v.



Barnhart, C/A No. 0:04-996. As Dr. Rollins' opinion was the primary medical opinion relied on by the ALJ in reaching his decision, some explanation should be required for the rejection of the additional and contradictory opinion from this treating source. Smart, 2004 WL 289152, at *3, n. 2.

## Conclusion

Based on the foregoing, it is recommended that the decision of the Commissioner be **reversed** under Sentence Four of 42 U.S.C. § 405(g), and that this case be **remanded** to the Commissioner for purpose of further evaluation of the evidence consistent with this opinion.

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

July 10, 2006

