# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

### ROCK HILL DIVISION

| | |
|---|---|
| JAMES GILLIAM, ) | |
| ) | |
| ) | Civil Action No. 0:05-1607-HFF-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| JO ANNE B. BARNHART ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff's attorneys ("Petitioners") have filed a Petition for approval of attorney's fees in this Social Security disability case. This Petition was referred to the undersigned United States Magistrate Judge by order of the Honorable Henry F. Floyd, United States District Judge.

A review of the file reveals that Plaintiff's initial request for disability insurance benefits (DIB) was denied and Plaintiff sought review of the Commissioner's decision in this Court. Plaintiff was ultimately successful, obtaining a judgment filed July 28, 2006 that reversed and remanded the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). Petitioners filed this motion for attorney's fees on October 26, 2006, pursuant to 42 U.S.C. § 406(b).

### Discussion

Title 42, U.S.C. § 406(b)(1) provides, <u>inter alia</u>, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess

1



> of 25 percent of the total of the past due benefits...and the Commissioner...may, notwithstanding the provisions of section 405(I) of this title,...certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

In his Petition, Plaintiff's attorneys request an award of $4,025.25 for services performed in this Court. The Defendant has no objection to the Petitioners' request for an award of attorney's fees.

The Local Rules of this District codify controlling Circuit caselaw. <u>See</u> Local Rule 83.VII.07(B), D.S.C., citing <u>Barber v. Kimbrell's, Inc.</u>, 577 F.2d 216, 226-227 (4th Cir.  ), <u>cert. denied</u>, 439 U.S. 934 (1978). In <u>Barber</u>, the Court of Appeals for the Fourth Circuit held that the following factors should be considered in determining a reasonable attorney's fee.

1. The time and labor expended;

2. The novelty and difficulty of the questions raised;

3. The skill required to properly perform the legal services rendered;

4. The attorney's opportunity costs in pressing the instant litigation;

5. The customary fee for like work;

6. The attorney's expectations at the outset of the litigation;

7. The time limitations imposed by the client or circumstances;

8. The amount in controversy and the results obtained;

9. The experience, reputation and ability of the attorney;

10. The undesirability of the case within the legal community in which the suit arose;

11. The nature and length of the professional relationship between attorney and client; and



12.	Attorney's fees awards in similar cases.

In addition, the Court is also allowed to adjust this figure after consideration of the twelve factors. Id. at 226 & nn. 28-29.

Upon examination of the documentation in the file and applying the factors listed above to the case at bar, the undersigned finds that:

1. The Petitioners have spent a total of 12.50 hours and Petitioners' paralegals have spent 26.60 hours representing the Plaintiff in the case before the District Court.

2. Social security appeals raise difficult legal questions of the complex interrelationship of statutes, regulations, administrative policies and procedures, and case law.

3. Considerable skill was required to properly perform the legal services rendered in this case.

4. Petitioners have foregone other income producing matters in order to work on this case.

5. The customary fee in social security cases is twenty-five percent (25%) of the past due benefits.

6. The attorneys' expectation at the outset of the litigation was that he would receive twenty-five (25%) of the past due benefits. Plaintiff's case has recently been remanded, but it has not yet been determined if Plaintiff will receive benefits.

7. This was a complex case.

8. The results obtained were a remand of the case by this Court.

9. The Petitioner Paul T. McChesney is licensed to practice in the state of South Carolina and is admitted to practice before the United States District Court for the District of South Carolina. He is a frequent litigator of Social Security cases in this Court. Petitioner Charles L. Martin is licensed to practice in the state of Georgia and is admitted to practice before the Middle, Southern and the Northern Districts of Georgia, as well as the Eleventh and Fifth Circuit United States Courts of Appeal and all trial and appellate courts of the State of Georgia.

10. Social security cases are generally thought of as undesirable in the legal community.

3



11. Petitioners' represented the Plaintiff for over one year in the United States District Court of South Carolina.

Petitioners request payment only for fees earned for work performed in this Court, and the Court has reviewed the fee bill presented and finds the hours spent and the activities performed to be reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 805-809 (2002). Petitioners, through hard work and diligent effort, have obtained a remand for their client, and the fees requested by the Petitioners do not exceed the $125 per hour rate specified in the EAJA, adjusted for inflation. Meyer v. Sullivan, 958 F.2d 1029, 1035 (11th Cir. 1992) [The increase in the EAJA cap due to increases in the cost of living should be "next to automatic." ]. This inflation adjustment was calculated as follows: The August 2006 all urban consumer price index published by the Bureau of Labor Statistics was 203.9 (Petitioners' Exhibit 1), while it was 155.7 for March 1996 (Petitioners' Exhibit 2). Hence, the more recent figure was 48.2 (203.9-155.7) points higher than March 1996, an increase of 30.96% (48.2/155.7 x 100). The maximum rate for attorney's fees under the EAJA without enhancement was $125 in March 1996. Increased by 30.96%, the inflation adjusted fee cap would be $163.70 [($125 x 30.96%) + 125], without enhancement for special factors.

Multiplying the number of hours attributable to the Petitioners' time spent in federal court (12.50 attorney hours) by an hourly rate of $163.70, and 26.60 paralegal hours by an hourly rate of $65.00[1], yields Petitioners' recommended fee of $3,775.25. Therefore, the amount requested

---

[1] See McKay v. Barnhart, 327 F.Supp.2d 263, (S.D.N.Y. 2004)["Paralegal fees may be included in an award of attorney's fees."](citing United States Football League v. National Football League, (2d Cir. 1989)); see also Grunseich v. Barnhart, 439 F.Supp.2d 1032, 1034 (C.D.Cal. 2006)[reasonable award for paralegal work to be $120 per hour]; Connecticut State Dep't of Social Servs v. Thompson, 289 F.Supp.2d 198, 207 (D.Conn. 2003)[reasonable award for paralegal work to be $85 per hour]; Allen v. Apfel, No. 99-156, 2000 WL 1023251 at **1-2 (N.D.Ga. Mar. 9, 2000)[reasonable award for paralegal work to be $60 per hour]. Such a fee is manifestly reasonable in this case. See Local Rule 83.VII.07(B), D.S.C., citing Barber, 577 F.2d at 226-227. Although



does not exceed the EAJA cap of $125 per hour adjusted for inflation.

### **Conclusion**

Based on the foregoing, and after careful consideration of the case file, the other evidence, and the arguments presented, the undersigned finds that the Petitioners' requested fee is reasonable. Therefore, it is recommended that Petitioners be awarded $4,025.25 (which includes the $250.00 case filing fee) for work performed on this case in the United States District Court.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

January 18, 2007

---

paralegal fees may otherwise be included, however, they cannot be included if they are for purely administrative and clerical tasks.  Knudsen v. Barnhart, 360 F.Supp.2d 963, 977 (N.D.Iowa 2004). The undersigned has reviewed the services performed by the paralegal and counsel and does not find that any of these requested fees were for purely administrative and clerical tasks.

5

